# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DAVID WEBB, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN ANGELA OWENS, )<br>)<br>Respondent. ) | No. 2:18-cv-02366-TLP-tmp |

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner David Webb petitioned pro se under 28 U.S.C. § 2241 for a writ of habeas corpus ("§ 2241 Petition").[1] (ECF No. 1.) Respondent FCI Warden Angela Owens answered the § 2241 Petition, and Petitioner replied. (ECF Nos. 8 & 12.) For the reasons below, the Court DISMISSES the § 2241 Petition.

## PROCEDURAL HISTORY

**I.     Petitioner's Federal Criminal Case and Collateral Challenges**

In 1998, a jury in the Eastern District of Arkansas convicted Petitioner of armed bank robbery and carrying or using a firearm during a crime of violence. (*United States v. Webb*, No. 4:97-cr-00238-JM-1 (E.D. Ark. 1998), ECF No. 41; *see also Webb v. United States*, 46 F. App'x 860, 861 (8th Cir. 2002).) Before the trial, the United States filed a notice of enhanced penalty under 18 U.S.C. § 3559. (ECF No. 8-1 at PageID 42; *see also United States v. Webb*, No.

---

[1] Webb is an inmate at the Federal Correctional Institution ("FCI") in Memphis, Tennessee. His Bureau of Prisons ("BOP") register number is 21291-009.

4:97-cr-00238-JM-1, ECF No. 25.)  The notice stated that, if convicted of armed bank robbery, Petitioner qualified for "an enhanced punishment of life imprisonment" because of his earlier convictions for "three qualifying serious violent felonies."  (ECF No. 8-1 at PageID 42–43; *see also Webb v. United States*, 46 F. App'x at 861.)  The notice listed three state convictions: (1) a 1972 Arkansas robbery conviction; (2) a 1980 Missouri escape conviction; and (3) a 1987 Arkansas aggravated robbery conviction.  (ECF No. 8-1 at PageID 43.)

After Petitioner's conviction in 1998, the district judge sentenced him to life imprisonment.  (*United States v. Webb*, No. 4:97-cr-00238-JM-1, ECF No. 41.)  Petitioner did not challenge the qualifying state court convictions during sentencing.  *Webb v. United States*, 46 F. App'x at 861–62.  And so the district court imposed a life sentence under 18 U.S.C. § 3559, the "three strikes law."  *Id.*  Petitioner appealed, and the Eighth Circuit affirmed his conviction and sentence.  *United States v. Webb*, 168 F.3d 496, 1999 WL 23160 at *1 (8th Cir. 1999).

Petitioner then moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  *Webb v. United States*, 46 F. App'x at 862.  The district court denied the motion but certified two issues for appeal: "(1) whether trial counsel was ineffective for failing to challenge the 1972 robbery conviction and the 1980 escape conviction, and (2) whether the Government's failure to plead the earlier state convictions in the indictment and to submit them to the jury under the reasonable doubt standard violated the Sixth and Fourteenth Amendments."  *Id.*  The Eighth Circuit rejected Petitioner's arguments and affirmed the denial of his motion.  *Id.*

In 2010, Petitioner moved for reduction and modification of his sentence and the district court denied that motion.  (*United States v. Webb*, No. 4:97-cr-00238-JM-1, ECF Nos. 92 & 94.)  In 2017, Petitioner filed—and the district court denied—a second motion to vacate his sentence.  (*United States v. Webb*, No. 4:97-cr-00238-JM-1, ECF Nos. 125 & 127.)  In 2019, Petitioner

2

filed—and the district court denied—a third motion to vacate his sentence. (*United States v. Webb*, No. 4:97-cr-00238-JM-1, ECF Nos. 129 & 132.)

Petitioner also petitioned under 28 U.S.C. § 2241 in the Central District of California, "seeking review of his sentence resulting from an armed bank robbery conviction." *Webb v. Entzel*, No. ED CV 17-1131 SVW (MRW), 2017 U.S. Dist. LEXIS 190070 *1 (C.D. Cal. Nov. 15, 2017). That court dismissed the habeas petition for lack of jurisdiction because Petitioner—although formerly an inmate at a federal prison facility in Victorville, California—was transferred to a facility in Tennessee shortly after filing the petition. *Id.*

## II.     Petitioner's § 2241 Petition

Petitioner now argues here that his 1972 Arkansas robbery conviction does not qualify as a crime of violence under the career offender enhancement in the sentencing guidelines, U.S.S.G. § 4B1.1. (ECF No. 1-1 at PageID 12.) Petitioner argues that he has satisfied the third requirement under *Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016), because he was sentenced under the mandatory guideline scheme and because his prior convictions do not qualify as crimes of violence under the career offender enhancement in § 4B1.1. (ECF No. 1-1 at PageID 10–11.)

But Petitioner did not receive a guideline enhancement as a career offender under § 4B1.1—he received instead a statutory enhancement under 18 U.S.C. § 3559(c). *See Webb v. United States*, 46 F. App'x at 861. Because the district court imposed the mandatory life sentence under § 3559(c), it did not rely on the sentencing guidelines when calculating Petitioner's sentence. (ECF No. 9, PSR ¶¶ 55-56.) Petitioner does challenge a statutory enhancement, however, and the United States has conceded that Webb can use the savings clause

to attack that enhancement. (ECF No. 8 at PageID 34.) The Court addresses this challenge below.

## STANDARD OF REVIEW

This Court may issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." Federal prisoners may obtain relief only under limited circumstances. *See Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). The "savings clause" in § 2255 provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Applying the savings clause, "courts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (internal citations omitted); *see also Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The rule was simple: § 2255 for attacks on a sentence, § 2241 for other challenges to detention."). In other words, "[§] 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Taylor*, 990 F.3d at 496 ("Indeed, section

2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence—those things that were ordered in the sentencing court.").

Because Petitioner seeks to challenge his sentence, habeas relief is unavailable to him under § 2241 unless relief under § 2255 is inadequate or ineffective. *See Taylor*, 990 F.3d at 496. And Petitioner bears the burden of proving that § 2255 is inadequate or ineffective and that the savings clause applies. *Id.* at 499. But "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461.

"[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted). In *Wright*, the Sixth Circuit stated:

> A federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse authority (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

939 F.3d at 703 (internal citations omitted).

A prisoner may obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted. *Martin v. Perez*, 319 F.3d 799, 804–805 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court to date has permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."). "Actual innocence means factual innocence," not just legal

5

insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill v. Masters*, the Sixth Circuit held that inmates may challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." 836 F.3d 591, 595 (6th Cir. 2016). To qualify under the third requirement, the *Hill* court noted:

> (1) prisoners . . . are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) . . . are foreclosed from filing a successive petition under § 2255, and (3) . . . a subsequent retroactive change in statutory interpretation by the Supreme Court reveals that a previous citation is not a predicate offense for a career-offender enhancement.

*Id.* at 599–600 (parallel citations omitted). Now the Court turns to analyze Petitioner's claim here.

## **ANALYSIS**

Under 18 U.S.C. § 3559(c), courts must impose life imprisonment for certain violent felons, such as individuals convicted separate times of two or more "serious violent felonies." *See* 18 U.S.C. § 3559(c)(1). Petitioner contends that his 1972 Arkansas conviction for robbery does not qualify as a serious violent felony and that his sentence of life imprisonment must be vacated. (ECF No. 1-1 at PageID 15.) Petitioner relies on *United States v. Eason*, a case in which the Eighth Circuit held that Arkansas robbery was not a violent felony under the Armed Career Criminal Act ("ACCA"). 829 F.3d 633, 642 (8th Cir. 2016).

The ACCA defines violent felonies as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. §

924(e)(2)(B)(1) (known as the "elements clause" or the "force clause"). Because § 3559(c) defines a "serious violent felony" in the same way, the same standard applies to both statutes. *United States v. Ruska*, 926 F.3d 309, 312 (6th Cir. 2019).

In *Eason*, the Eighth Circuit determined that the force required to satisfy the Arkansas robbery statute falls short of "the level of physical force required to establish a crime of violence for ACCA purposes." 829 F.3d at 642 (footnote and citation omitted). The *Eason* court noted that the same definition of "crime of violence" applies under the ACCA and the guidelines. *Id.* (citing U.S.S.G. § 4B1.2(a)(1)). But in a later opinion, the Supreme Court overruled this portion of *Eason*.

In *Stokeling v. United States*, the Supreme Court held that the elements clause requires only "the amount of force necessary to overcome a victim's resistance." 139 S. Ct. 544, 555 (2019). The Eighth Circuit has acknowledged that *Stokeling* overruled *Eason*. *See United States v. Smith*, 928 F.3d 714, 716 (8th Cir. 2019) ("Plainly stated, *Stokeling* abrogated our force analysis in *Eason*."). (quoting W. Clark & W. Marshall, Law of Crimes 553 (H. Lazell ed., 2d ed. 1905)). "The key distinction in determining whether a state robbery statute meets this definition of force is whether the 'statute requires resistance by the victim that is overcome by the physical force of the offender' or encompasses '[m]ere snatching of property from another.'" *Id.* (quoting *Stokeling*, 139 S. Ct. at 555 (internal quotation marks omitted)).

Because of *Stokeling*, the Eighth Circuit held in *Smith* that "both Arkansas robbery and Arkansas aggravated robbery are crimes of violence." *Id.* at 717. In reaching this decision, the Eighth Circuit emphasized that "the Arkansas Supreme Court has stated 'the mere snatching of money or goods from the hand of another is not robbery, unless some injury is done to the person or there be some struggle for possession of the property prior to the actual taking or some force

7

used in order to take it.'" *Id.* (quoting *Parker v. State*, 529 S.W.2d 860, 863 (Ark. 1975)). The *Smith* court determined that "Arkansas robbery requires sufficient force to overcome a victim's resistance and does not criminalize mere snatching of property." *Id.* And so the *Smith* court determined that Arkansas robbery "satisfies both the elements clause and generic robbery in the enumerated offenses clause of U.S.S.G. § 4B1.2." *Id.*

Although Petitioner does not raise the issue, the Court notes that the Arkansas robbery statute analyzed in *Eason* and *Smith* differed when Petitioner was convicted in 1972.[2] But the Court finds that the Eighth Circuit's analysis in *Smith* applies equally to the earlier statute. The *Smith* court relied on the Arkansas Supreme Court's decision in *Parker* to find that "Arkansas robbery requires sufficient force to overcome a victim's resistance and does not criminalize mere snatching of property." *Smith*, 928 F.3d at 717. And the *Parker* court—dealing with an individual convicted of robbery in Arkansas before the statute changed—held that "the mere snatching of money or goods from the hand of another is not robbery, unless some injury is done to the person or there be some struggle for possession of the property prior to the actual taking or some force used in order to take it." 529 S.W.2d at 863 (citing *Routt v. State*, 34 S.W. 262 (Ark. 1896); *Coon v. State*, 160 S.W. 226 (Ark. 1913)). So the earlier Arkansas robbery statute does not apply to "mere snatching of property from another." *See Stokeling*, 139 S. Ct. at 555. Rather, under *Parker*, it "requires sufficient force to overcome a victim's resistance." *See Smith*,

---

[2] The Arkansas robbery statute addressed in *Smith* provides that "[a] person commits robbery if . . . the person employs or threatens to immediately employ physical force upon another person." Ark. Code Ann. § 5-12-102. Petitioner cites this version of the statute in his petition. (ECF No. 1-1 at PageID 11.) And Petitioner quotes this statutory language in his reply brief. (ECF No. 12 at PageID 131.) But Petitioner was convicted under Ark. Stat. Ann. § 41-3601 in 1972. (ECF No. 8-2 at PageID 49.) This version of the Arkansas statute defines robbery as "felonious and violent taking of any goods, money or other valuable thing from the person of another by force or intimidation . . . ." Ark. Stat. Ann. § 41-3601 (1964 Repl.).

928 F.3d at 717. Based on *Stokeling*, *Smith*, and *Parker*, the Court finds that Petitioner's 1972 Arkansas robbery conviction qualifies as a violent felony under § 3559.

For the § 3559(c) enhancement to apply, Petitioner need only have two previous convictions for serious violent felonies. Petitioner agrees that his 1987 Arkansas aggravated robbery conviction qualifies as a violent felony under § 3559. (ECF No. 12 at PageID 137.) And as stated above, Petitioner's 1972 Arkansas robbery conviction also satisfies the force clause in § 3559(c)(2)(F)(ii).[3]

Because Petitioner was convicted before of two or more qualifying crimes under 18 U.S.C. § 3559(c), the Court **DISMISSES** the § 2241 Petition **WITH PREJUDICE**. The Court will enter judgment for Respondent.

## APPELLATE ISSUES

Federal prisoners who file petitions under 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

Habeas petitioners seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) requires that a party seeking to proceed in forma pauperis on appeal must first move for pauper status in the district court, and

---

[3] Respondent also argues that Petitioner's 1972 Arkansas robbery conviction qualifies as a violent felony because it requires the level of intimidation that satisfies the enumerated offense of robbery listed in 18 U.S.C. § 3559(c)(2)(F)(i). Because the Court finds that the 1972 Arkansas robbery conviction satisfies the force clause of § 3559(c)(2)(F)(ii), it need not address whether the state offense satisfies the requirements of the enumerated offense.

9

submit a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides, however, that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

Because Petitioner has no right to relief here, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a) that any appeal here would not be taken in good faith, and also **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 20th day of September, 2021.

                                  s/Thomas L. Parker
                                THOMAS L. PARKER
                                UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or move to proceed in forma pauperis and file supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days from the entry of this order. *See* Fed. R. App. 24(a)(5).